THEOBALD DWORSHAK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dworshak v. Commissioner
Docket No. 1609-74.
United States Tax Court
T.C. Memo 1977-432; 1977 Tax Ct. Memo LEXIS 6; 36 T.C.M. (CCH) 1767; T.C.M. (RIA) 770432; December 27, 1977, Filed Robert F. Cunningham, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax for the taxable years and in the amounts as follows: Deficiencies
Additions to Tax
Tax Year Ended
in
I.R.C. 1954
December 31
Income Tax
Section 6653(b)
1968
$3,640.82
$1,820.41
1969
7,108.43
3,554.22
1970
935.28
467.64
When this case was called for trial in St. Paul, Minnesota on October 17, 1977, pursuant to notice previously given, there was no appearance by or on behalf of petitioner. Respondent filed a motion to dismiss the case for lack of prosecution as to the deficiencies in tax determined against petitioner and to determine the deficiencies as set forth in the *7 notices of deficiency. The Court stated that the motion would be granted in the final order and decision of the Court so that the deficiencies could be determined at the same time a determination was made with respect to the additions to tax for fraud. The only issue before the Court is whether any part of the underpayment in tax for the years here in issue is due to fraud. FINDINGS OF FACT Petitioner is an individual who resided in Bismarck, North Dakota at the time the petition in this case was filed. Petitioner filed a joint return with his wife, Catherine, for the calendar year 1968. He filed an individual return for the calendar year 1969, and no return was filed by petitioner for the calendar year 1970. During the years 1968, 1969, and 1970, petitioner was in the business of selling musical instruments under the name of Ted's Music Center, and in the automobile repair business under the name of Dworshak Repair. In 1968 petitioner's income tax return was prepared by a Mr. Thomas D. Kasper, whose principal occupation was as an accountant for the Bismarck State Highway Department but who, for approximately 20 years, also had been preparing income tax returns for individuals. *8 When petitioner came to Mr. Kasper to prepare his 1968 income tax return, he handed Mr. Kasper figures which petitioner stated showed his receipts from the auto repair business and the music business for the year 1968. The figures showed gross receipts of $6,561.29 and a gross profit of $6,111.29, computed as follows: GROSS RECEIPTS
$6,561.29
Beginning Inventory
$105.00
Purchases
460.00
$565.00
Less Ending Inventory
115.00
450.00
GROSS PROFIT
$6,111.29
Total expenses were shown as $3,715.87, leaving a net profit of $2,395.42. When Mr. Kasper asked petitioner for a breakdown of the income between the two businesses petitioner told him that he could not break it down, but the inventories were purely for his repair business since his music inventory was all shipped in on consignment. The total income shown on the statement petitioner gave Mr. Kasper for his two businesses in 1968 was approximately the same as that shown for petitioner's auto repair business in 1967. In fact, petitioner never had any inventory in his music business on consignment. Petitioner's income tax return for 1969 was prepared by an employee of H and R Block Company. The only *9 income reflected on petitioner's 1969 return is from the auto repair business. The return shows gross receipts from this business of $5,000, cost of goods sold of $347, and a gross profit of $4,653. Expenses of $3,577 are shown, leaving a net income of $1,076. The employee of H and R Block Company who prepared petitioner's return asked petitioner if he had any income from any sources other than the auto repair business or income of any type not shown on the statement petitioner furnished her of his auto repair income, and was told by petitioner that he did not have any other income. For the years 1968, 1969, and 1970, petitioner made deposits of third-party checks in his bank accounts representing receipts from his auto repair business and his music business in the amounts of $13,124.02, $19,059.79, and $1,259.92, respectively. Included in these checks were checks with respect to petitioner's music business dated August 7, 1969, in the amount of $1,236 for a Thomas Organ; August 29, 1969, in the amount of $1,575 for a purchase by Wagener Music Company, Inc.; and September 18, 1969, in the amount of $266.30 for a purchase by Wagener Music Company, Inc. During the years 1968, *10 1969, and 1970, petitioner maintained an account at the State Bank of Burleigh County Trust Company, and during the year 1968 maintained an account at the First National Bank and Trust Company of Bismarck. It was petitioner's practice during the years 1968, 1969, and 1970 when making business deposits at these two banks to often cash all of the business third-party checks and then deposit some of the currency he received from cashing those checks. Also, petitioner would often bring large sums of currency to the bank for the purpose of purchasing money orders in amounts ranging from $4,000 to $6,000 during the years 1968, 1969, and 1970. In 1969 petitioner sold his business building located on East Broadway in Bismarck, North Dakota at a gain of $12,879.24. None of this gain was reported on his 1969 income tax return and petitioner did not tell the preparer of that return about the sale of the property. When the sale was closed petitioner received a check for $19,228.93, representing the net value of his interest in the building sold. Petitioner cashed this check at the First National Bank and Trust Company of Bismarck, receiving at his request the cash in bills of $100 denominations. *11 When respondent's agent began investigating petitioners' income tax returns for the years here in issue, he made repeated requests for petitioner's books and records, but petitioner did not produce or furnish to the agent any books and records for examination for either of his businesses or any personal records. Petitioner told the agent that his books and records had been stolen during a break-in at his business in May or June 1969. Since respondent's agent was unable to obtain any books and records from which to compute petitioner's income for the years here in issue, he determined that income based on gross bank deposits less nonbusiness income items. On this basis, petitioner's corrected gross receipts from business are $67,644.21, $68,924.14, and $26,659.42 for the years 1968, 1969, and 1970, respectively. Petitioner's corrected new profits from business computed from the gross receipts determined from his bank deposits were $17,949.65, $16,291.53, and $5,469.56 in 1968, 1969, and 1970, respectively, arrived at as follows: 1968
1969
1970
Gross receipts
$67,644.21
$68,924.14
$26,659.42
from business
Less cost of
42,112.14
46,366.68
16,825.90
goods sold
Gross profit
$25,532.07
$22,557.46
$ 9,833.52
Expenses
$6,582.02
$5,665.66
$4,363.96
Depreciation
1,000.40
7,582.42
600.27
6,265.93
4,363.96
Net profit
from business
as corrected
$17,949.65
$16,291.53
$5,469.56
*12 On his 1969 income tax return petitioner omitted interest income in the amount of $389.24. Petitioner had interest income for the year 1970 in the amount of $316.38. Petitioner on his income tax returns for 1968 and 1969 understated his taxable income by $12,540.36 and $18,857.79, respectively. Petitioner had taxable income of $3,230.95 for 1970 which he failed to report. On or about May 14, 1970, petitioner filed a voluntary petition in bankruptcy with the United States District Court for the District of North Dakota. In April 1972 the Bankruptcy Court for the District of North Dakota denied petitioner a discharge in bankruptcy. On November 16, 1973, petitioner was indicted by a Federal Grand Jury on a charge of fraudulently concealing assets during the period of May 14, 1970, and continuously thereafter until the date of the indictment's return, from the trustee in bankruptcy and creditors in violation of Title 18, U.S.C. sec. 152. On October 30, 1974, petitioner was convicted as charged of fraudulently concealing assets from the trustee in bankruptcy and creditors. This conviction was appealed by petitioner and was affirmed by the United States *13 Court of Appeals for the Eighth Circuit on April 29, 1975. On July 18, 1973, petitioner was indicted for wilfully making and subscribing Federal income tax returns for the calendar years 1968 and 1969 which contained written declarations that they were made under penalty of perjury and which he did not believe to be true and correct as to every material matter in violation of section 7206(1), I.R.C. 1954. [1] On September 18, 1975, petitioner was convicted as charged in this indictment on a plea of nolo contendere. ULTIMATE FACTS For each of the years 1968, 1969, and 1970 there was an underpayment in tax by petitioner, a part of which was due to fraud. OPINION The burden of proof with respect to the determination of deficiencies by respondent is on petitioner. When the case was called for trial, petitioner did not appear and no one appeared on his behalf. Therefore, petitioner has totally failed to carry his burden of showing error in the deficiencies as determined by respondent. Respondent's motion to dismiss the case for failure to properly prosecute will *14 be granted, and in our decision the deficiencies as set forth in the notices of deficiency will be determined.
The burden of proof as to fraud is on respondent. Even though petitioner did not appear at the trial, it is incumbent on respondent to establish fraud by clear and convincing evidence.The evidence introduced in this case is clear and convincing evidence of fraud. Petitioner misinformed the persons who prepared his income tax returns as to his gross receipts and as to the method of operating his businesses. He routinely cashed business checks and did not deposit all the cash received from those checks in his bank accounts. Petitioner failed to furnish any records to the revenue agent during the course of the investigation of this case. The facts here proven, which we have set forth in some detail, clearly establish that part of petitioner's underpayment of tax in each of the years here involved was due to fraud. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩